HOLLOWAY WHITFIELD ALLEN and JESSIE MAY ALLEN, complainants-appellants,

*v.*

GILBERT A. LOGAN, defendant-respondent.

[Decided September 27th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stein, who filed the following opinion:

"The bill is brought by complainants to recover moneys paid to the defendant on account of a written contract for the purchase of lands and premises in Ocean Grove, Monmouth county, New Jersey; and to have a lien impressed upon the lands and premises in favor of the complainants, for so much of the purchase price paid on account, together with moneys expended by the complainants for taxes, interest, assessments and improvements.

"The contract dated November 3d, 1926, was drawn by a young woman (not a lawyer) in the office of a realtor in Asbury Park, and provided title to pass upon closing, by deed of warranty. The purchase price is payable in installments and when $5,000 is paid, deed is to be executed and mortgage for balance of $4,000, payable $1,000 annually, given to defendant. Interest on the purchase price, as well as taxes, assessments and insurance, to be paid by complainants.

"Complainants paid in installments a total on account of purchase price up to October 1st, 1932, of approximately $3,715. Interest, $1,751; taxes, $647.67; insurance, $327.60, and $1,000 for repairs, alterations and improvements.

"Complainants now claim they did not know until June, 1932, six years later, that the interest of defendant in said lands and premises is a leasehold interest for ninety-nine years, and that the contract provision for deed of warranty cannot be carried out, and accordingly they rescind and pray money decree.

"I am satisfied, and I decide as a fact that complainants knew at the time the contract was entered into that the defendant's interest was a lease for ninety-nine years. The complainants lived in Ocean Grove for more than ten years. The husband complainant was sexton of the church connected with the Ocean Grove Camp Meeting Association. It is incredible that he did not know. Moreover, the assessment receipts in his possession for the years 1927, 1928, 1929 and 1930 issued by the Ocean Grove Camp Meeting Association and produced in evidence all contain among other things the items 'assessment as per lease $10.50 per lot.' 'Sewer charge, minimum is $6 for each house, apartment, store, &c., and twenty-five cents additional for each room over six.'

" 'All transfers of leases must be approved by the association, and applications for such transfer must be made before sale.' Further, the proof is that complainants in conversation with persons produced by defendant discussed the Ocean Grove leaseholds generally.

"Delay in rescission of the contract is evidence of a waiver of the fraud, and an election to treat the contract as valid. *Dennis* v. *Jones, 44 N. J. Eq. 513; Faulkner* v. *Wassmer, 77 N. J. Eq. 537.*

"Complainants neither in the pleadings or at the hearing made tender or offer to place defendant so far as possible in the same position he occupied before entering into the contract of sale. *Doughten* v. *Camden Building and Loan Association, 41 N. J. Eq. 556.*

"The bill of complaint is dismissed."

*Mr. Mortimer J. Shapiro,* for the appellant.

*Mr. Isidor Kalisch,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Stein in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.